## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RICARDO RUSAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV01828 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

### Joint Motion For Relief From Judgment Under Fed. R. Civ. P. 60(b)(6)

Comes now Ricardo Rusan, through his attorney Bevy Beimdiek, and the United States of America through Assistant United States Attorneys Allison H. Behrens and Tom Albus, who join together to ask the Court for relief from the original judgment in this proceeding pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.

The parties agree that the original judgment in Rusan's proceedings under 28 U.S.C. §2255 in this cause (No. 4:07CV01828) did not reach the merits of his challenge to imposing a prison term and additional $100 assessment for bank larceny in Count 2 based on the same acts on which the bank robbery verdict in Count 1 rested, and that this omission is a proper subject of Rule 60(b)(6). The parties agree that imposition of two sentences and two assessments for bank robbery and for larceny based on the same conduct is contrary to federal law and cognizable under 28 U.S.C. §2255(a). The parties ask the Court to vacate the sentences on both counts 1 and 2 and resentence Rusan on Count 1 to "time served," for the following reasons:

1. Rusan was indicted for a bank robbery committed on November 12, 2004 in St. Louis City, contrary to 18 U.S.C. 2113(a). *See United States v. Rusan*, No. 4:05-CR056, Doc. 10. The government prosecuted the case as robbery by intimidation upon the evidence (including Rusan's

statement to police) that he entered a bank, pushed a backpack to a teller, stating "fill this with money" while holding his hand in his pocket and then left (Transcript 136-137, 140, 242, 243). Rusan told police he needed money for basic living expenses and his addiction. A dye-pack the teller put in the bag destroyed all the money after he walked outside with it.

 2. Defense counsel sought to argue Rusan committed bank larceny under 18 U.S.C. §2113(b) with a maximum 10 years in prison, yet the parties determined this was not a lesser offense included within robbery because it required a taking of property exceeding $1,000.00 under 18 U.S.C. §2113(b). The Government agreed to file an information adding a second count charging bank larceny in Count 2 to enable Rusan's desire to argue his crime was bank larceny, while maintaining the original charge of bank robbery. Transcript at 10, 12. During the hearing on Rusan's waiver of indictment on the additional charge, Rusan asked if he could plead guilty solely to the count of larceny. The government responded that Rusan was free to plead guilty to the larceny count to obtain acceptance of responsibility under the Guidelines, but the government would still pursue seek conviction for robbery. *Id*. at 11-12.

 3. The jury convicted Rusan on robbery in Count 1 and larceny in Count 2, both charges resting on the single incident shown by the evidence. The District Court imposed sentences of 240 months for bank robbery in Count 1 and 120 months for bank larceny in Count 2 (both Guidelines sentences at that time), plus concurrent terms of supervised release for two years, restitution in the amount of $2,171.00 and two special assessments of $100.00 each, totaling $200.00. Doc. 71.

 4. Neither the sentencing court, nor the parties, realized that Supreme Court and Eighth Circuit case law prohibited the imposition of sentences for both bank robbery under §2113(a) and larceny under §2113(b) based on a single criminal incident, even though double jeopardy did

2

not preclude submitting both offenses to a jury in such circumstances.  In 1957, the Supreme Court established that Congress did not intend §2113(a) and §2113(b) to pyramid penalties in the typical bank robbery situation for crimes under both sections.  *Prince v. United States*, 352 U.S. 322, 327 (1957).  In *United States v. Kitts*, 243 F.2d 883, 885 (8th Cir. 1957), the Eighth Circuit extended the principle to the typical bank larceny situation, and held that a conviction under Section 2113(b) "pertaining to larceny from a bank can not be superimposed upon [a §2113(a)] sentence." *Id*.  The Eighth Circuit extended *Prince* to prohibit imposition of concurrent sentences under both sections based on a single offense because "they are so related in their nature and object" that "sentence may be meted out on only one of them, within the choice which the trial court deems appropriate in the circumstances." *United States v. Hardy*, 292 F.2d 192, 194 (8th Cir. 1961).  *See also United States v. Rust*, 650 F.2d 927, 928 (8th Cir. 1981) ("the Bank Robbery Act permits only one conviction for a single illegal act.").  "[T]here is no contradiction in permitting multiple counts of an indictment of §2113, and multiple convictions, and at the same time prohibiting multiple sentencing." *Geberding v. United States*, 471 F.2d 55, 57-58 (8th Cir. 1973).

    5.  Rusan pursued a direct appeal and was represented by the same attorney who represented him at trial.  Counsel did not challenge the imposition of a concurrent sentence and/or the additional special assessment in Rusan's briefs on direct appeal, or any other sentencing challenges.  The Eighth Circuit affirmed the conviction and judgment. *United States v. Rusan*, 460 F.3d 989 (8th Cir. 2006).  The Supreme Court denied certiorari on March 26, 2007.

    6.  On October 24, 2007, Rusan timely filed a first petition to vacate his conviction and sentence under 28 U.S.C §2255 in the above-styled cause, Doc. 1.  Acting *pro se*, Rusan alleged (among other things) that the Court should not have sentenced him for both bank robbery in

3

Count I and bank larceny charged in Count II.  Although his opening petition alleged this constituted double jeopardy and prejudiced him, Doc. 1, p. 6, his reply to the government's response to show cause explained that the imposition of two sentences violated the merger principle the Supreme Court established in *Prince*.  "Because *Prince* is controlling," his pro se traverse asserted, "we ask that this court vacate the sentence on the larceny charge, as well as the $100.00 special assessment."  Doc. 10, p. 20.  On March 16, 2009, Petitioner sought appointment of counsel to aid him with his Section 2255 as a whole, Doc. 15.

7.  Two years later, the District Court denied the Section 2255 petition.  The judge rejected Rusan's challenge to the imposition of two sentences for bank robbery and bank larceny solely on double jeopardy grounds, yet made no acknowledgement or reference to Rusan's distinct assertion that they violated the Supreme Court's ruling in *Prince*.  Doc. 41, p. 6.  The Court simultaneously denied Rusan's request for post-conviction counsel as moot.  Doc. 42.  The District Court's failure to reach the distinct challenge to the sentence and special assessment imposed for bank larceny in Count 2 contravened the case law providing that documents filed *pro se* "are to be liberally construed."  *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble*, 429 U.S.97, 104-05 (1976).

8.  Civil Rule 60(b)(6) authorizes this Court to relieve a party from a final judgment, order, or proceeding for any reason "that justifies relief."  *See, e.g., Parks v. United States*, 2014 U.S. Dist. LEXIS 111103, *6 (E.D. MO. August 12, 2014) (granting unopposed motion for relief upon district court's failure to consider, or to ask the parties to consider, the impact of *Descamps*).  The District Court mistakenly failed to issue a merits decision on petitioner's distinct claim that the separate concurrent sentence and additional $100 special assessment for bank larceny in Count 2 based on the identical offense conduct underlying the robbery

4

conviction in Count I violated federal law for the principles set out in *Prince* and its progeny. A rule 60(b)(6) motion is proper, and does not constitute a successive petition under Section 2255, when it seeks relief from the district court's erroneous failure to reach a merits decision on a claim raised in the original proceedings. *See Barnett v. Roper,* 941 F.Supp. 1099, 1106 (E.D. Mo. 2013).

9. The parties jointly submit, and ask this Court to rule, that in Rusan's case, the imposition of the concurrent 120-month sentence and additional $100 assessment for bank larceny in Count 2 based on the same acts underlying the bank robbery in Count 1 constitutes manifest injustice resulting in substantial prejudice.

10. The parties further submit that the setting aside of the sentence and assessment for Count 2, further requires reconsideration of the sentence imposed in Count 1. *See Gardiner v. United States,* 114 F.3d 734, 735-36 (8th Cir. 1997)("multi-count sentence is a "package," and any attack on one count is an attack on the bottom line sentence); This warrants resentencing on all counts and the district court can reconfigure the sentence to satisfy the sentencing factors in 18 U.S.C. § 3553(a). *United States v. Parker,* 762 F.3d 801, 806 (8th Cir. 2014). Under the applicable 2016 Sentencing Guidelines manual, the parties agree that Rusan's offense level is 22, as none of his prior convictions satisfy the definition of predicate offenses in U.S.S.G. §4B1.2(a) (2016 ed.). *See also* Original Presentence Investigation Report ("PSR"), ¶¶ 15-21. In his criminal history category VI, offense level 22 produces a Guidelines range of 84-105 months. The parties also agree that with appropriate credits, Rusan has served at least 157 months in prison, more than four years greater than the maximum Guidelines sentence. The parties agree that the prison term petitioner has already served, more than four years above the maximum applicable Guidelines, satisfies the goals of sentencing in 18 U.S.C. §3553(a).

11. Defense counsel has discussed this matter with the defendant who has signed the attached Waiver of Appearance. Defendant consents to this Court proceeding on this matter without his personal appearance in court.

WHEREFORE, the parties respectfully move the Court to grant relief from the judgment in this case pursuant to Rule 60(b)(6), Fed. R. Civ. P., amend the judgment denying habeas corpus relief and vacate the sentence to resentence him to a sentence of time-served, and order the Bureau of Prisons to release Mr. Rusan to his forthcoming term of supervised release.

Respectfully submitted,

/s/ *Bevy Beimdiek*
Bevy Beimdiek #33753MO
Assistant Federal Public Defender
1010 Market, Suite 200
St. Louis, MO 63101
314-241-1255
Fax: 314-421-3177
E-mail: Bevy_Beimdiek@fd.org

and

/s/ *Allison H. Behrens*
Allison H. Behrens, #38482MO
Assistant United States Attorney
111 South 10th Street
St. Louis, Missouri 63102
314-438-2200
E-mail: Allison.Behrens@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Allison Behrens Assistant United States Attorney.

s/ *Bevy Beimdiek*
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISON

RICARDO RUSAN,

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. 4:07CV1828

## WAIVER OF APPEARANCE

    Comes now RICARDO RUSAN, through his attorney, Beverly A. Beidiek, Assistant Federal Public Defender, and hereby waives his appearance at the resentencing hearing in this cause. Counsel has conferred with defendant via telephone, and he does not request transport for personal appearance for the resentencing hearing. Mr. Rusan understands his right to appear personally and waives such appearance.

Dated: 04/09/2018

Respectfully Submitted,

Ricardo L. Rusan-El
No. #31548-044
FCI-Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

1 of 1.